UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10059-DPW

UNITED STATES OF AMERICA

v.

CHAD BENJAMIN

## MEMORANDUM AND ORDER ON ISSUE OF DETENTION

April 15, 2005

DEIN, M.J.

### I. MOTIONS RELATING TO DETENTION

The defendant is charged in a one count indictment with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). An initial appearance was held on March 21, 2005, at which time the defendant was represented by counsel. The government moved for detention, claiming that the defendant was both a danger to the community and a risk of flight, and that detention was warranted under 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(D) and (f)(2)(A). After initially agreeing to a voluntary order of detention, the defendant requested a hearing on the issue of detention. A hearing was held on April 14, 2005, at which time the defendant was represented by counsel.

For the reasons detailed herein, the court finds that the government has proven by clear and convincing evidence that there are no conditions or combination of

conditions which will reasonably assure the safety of other persons and the community. Consequently, the defendant is hereby ordered to be detained.

## II. THE BAIL REFORM ACT

A.  Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.  The government is entitled to move for detention on grounds of danger to the community in a case that –

   (1)   involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

   (2)   involves an offense punishable by death or life imprisonment;

  (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

  (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

  C. In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

  (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

  (b) the weight of the evidence against the accused;

  (c) the history and characteristics of the person, including --

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States v. Moss</u>, 887 F.2d 33, 336-37 (1st Cir. 1989).

      (i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (d)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

    D.   Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions where applicable. However, the government does not contend that any presumption is applicable in this case.

### III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

#### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with being a felon in possession of ammunition, and the case against him appears strong. Specifically, on December 16, 2004, Taunton Police Officers observed two black males, one of whom is the defendant, walk out of a location they were observing for an unrelated reason, and walk into a Package store. See Ex. 1. The Officers went into the Package store and identified themselves. Id. One Officer saw the defendant place his hand over the front lower part of his sweatshirt, and the Officer observed a bulge in the area of his hands. A subsequent pat down and search established that the defendant was carrying a Smith & Wesson .380 caliber pistol loaded with six rounds of ammunition, and a large glassine bag

containing 25 smaller glassine bags of crack cocaine. Id. According to the government, the defendant has not been charged in connection with the pistol, because there is presently no information that the gun traveled in interstate commerce.

The defendant does not dispute that he was convicted of a felony in the past. Nor does he dispute that he was carrying a loaded firearm. Rather, he contends that there was no probable cause for the search. While this issue may properly be raised in connection with a motion to suppress, for present purposes the indictment itself establishes probable cause that the defendant committed the crime as charged. Moreover, the facts before this court do not mandate the conclusion that the gun will be suppressed. Consequently, the possibility of the suppression of the gun is not a relevant consideration on the issue of detention at this stage in the proceeding.

### B. History And Characteristics Of The Defendant

The defendant, age 27, was born on February 25, 1978 in Boston, Massachusetts. He has lived here his entire life. He is married to Lotoya Wright-Benjamin and the couple has three children, ages 9, 6 and 2. The defendant has been unemployed for the last year, and underwent shoulder surgery. He has cared for the children while his wife worked – first for UPS and more recently as a dental registration assistant. Before his shoulder injury, the defendant worked as a laborer, a dishwasher and on and off for various temporary agencies.

The defendant and his wife have been together since their early teens, and his wife is very supportive of him. Pretrial Services concluded that Ms. Wright-Benjamin

would qualify as a third-party custodian if the defendant was released, although release was not recommended.

The defendant's father is deceased and he has no contact with his mother. The defendant has two brothers, one who lives in Brockton and one who is serving a life sentence at MCI-Norfolk for murder.

The defendant has an extensive and violent criminal record. As a juvenile, in 1993, the defendant was convicted of assault and battery, and assault and battery with a dangerous weapon, to wit a shod foot. See Ex. 3. The defendant was initially given a suspended sentence, but violated probation and was later committed to DYS custody. In 1994, the defendant was convicted of armed robbery of a taxi cab driver. See Ex. 4. In connection with that crime, the defendant held a loaded gun to the driver's head. Id. While the defendant was tried as a juvenile, according to defense counsel the defendant's partner was tried as an adult for that crime. Apparently, however, the potential for a prison term did not deter the defendant.

As an adult, in 1996, the defendant was convicted of distribution of cocaine, a Class B controlled substance, and related crimes, and was committed for 2 years and 1 day. See Ex. 5. In 1999, following the beating and kicking of an individual, the defendant was convicted of assault and battery with a dangerous weapon, a shod foot, and related crimes. See Ex. 6. In connection with his arrest, he became uncooperative and combative, and had to be subdued. Id. This crime resulted in a violation of his probation. In 2000, the defendant was charged with armed robbery and related offenses, but was found not guilty. As a result of his most recent arrest in 2004, the

defendant has drug charges and firearm charges pending in the Taunton District Court. He was released on $25,000 bail from the state court.

### C.  Evaluation of Factors

The record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the safety of the community.  The defendant has an extensive criminal history involving crimes of violence, firearms and drugs.  The prior incarceration of the defendant does not seem to have convinced him to modify his behavior.  The defendant's history establishes that he is unable or unwilling to conform his behavior to the requirements of the law.

The defendant contends that possession of ammunition is not a crime of violence permitting detention under 18 U.S.C. § 3142(f)(1)(A).  This court does not have to resolve this issue.  As detailed above, the defendant is charged with a felony, and has been convicted of a drug offense and of crimes of violence, thereby qualifying for detention under § 3142(f)(1)(D).

The defendant's wife makes an eloquent plea for releasing the defendant to assist her in caring for the children.  This court has carefully considered this request, and is not unsympathetic to Ms. Wright-Benjamin's efforts to maintain a household and raise three children as a single, working parent.  Unfortunately, however, this court finds that the defendant has committed all or virtually all of his crimes while in a relationship with Ms. Wright-Benjamin.  Thus, the court cannot find that she exerts

sufficient influence over the defendant to insure that he would comply with conditions of release.  Moreover, the types of crime with which the defendant has been charged, possession of ammunition, can be carried out from the defendant's home.  Putting him on an electronic monitor does not reduce this court's concern that the defendant is unable to conform his behavior to comply with conditions of release.  The risk to the community in releasing the defendant prior to trial is simply too high.  See U.S. v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990).

Because of this finding, I do not reach the issue whether the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.  The court does note that while the defendant has strong ties to Massachusetts, he faces a very serious jail sentence if convicted of the crime with which he is charged.  If charged as an armed career criminal, the defendant faces a minimum mandatory period of incarceration of 15 years.  The defendant has no stable employment history, and his record contains some defaults.  These factors obviously make the defendant a flight risk.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge