

U.S. Department of Justice

United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

May 3, 2005

**BY FEDERAL EXPRESS**

BARRY P. WILSON, Esq.
Law Offices of Barry P. Wilson
240 Commercial Street, Suite 5A
Boston, MA 02109
(617) 248-8979

    Re:  United States v. Chad Benjamin
           Criminal No. 05-10059-DPW

Dear Attorney Wilson:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.**   **Rule 16 Materials**

    **1.**   **Statements of Defendant under Rules 16 (a)(1)(A) & (B)**

    **a.**   **Defendant's Relevant Oral Statements to Then Known Government Agents**

    There are no relevant oral statements, made by the defendant before or after arrest in response to interrogation by a person the defendant knew to be a government agent, in the possession, custody or control of the government, which are known to the attorney for the government.

    Notwithstanding, however, the government encloses herein copies of the Taunton Police Department *Basic Person Information Report* and *Arrest Booking Report* and the Bristol County Sheriff's Office *Book Memo*. Said reports and memo, among other things, include the defendant's arrest photo and personal identification information. **(See Bates No. 003, 005 - 009).**

b.  **Written and Recorded Statements**

There are no relevant written or recorded statements, made by the defendant before or after arrest in response to interrogation by a person the defendant knew to be a government agent, in the possession, custody or control of the government, which are known to the attorney for the government.

Notwithstanding, however, the government encloses herein copies of the Taunton Police Department *Basic Person Information Report* and *Arrest Booking Report* and the Bristol County Sheriff's Office *Book Memo*. Said reports and memo, among other things, include the defendant's arrest photo and personal identification information. **(See Bates No. 003, 005 - 009).**

c.  **Grand Jury Testimony of the Defendant**

The defendant did not testify before a grand jury in relation to this case.

2.  **Defendant's Prior Record under Rule 16 (a)(1)(D)**

It is my understanding that you were provided with a copy of the defendant's criminal history record at the defendant's initial court appearance by the U.S. Pretrial Services. Notwithstanding, enclosed herein is a copy of the defendant's Commonwealth of Massachusetts Criminal History Systems Board Record **(See Bates No. 023 - 037).**

Enclosed herein are certified copies of the Brockton District Court Records for Docket No. 9515 CR 010791 and Docket No. 9915 CR 000777 (which, among other things, include the Criminal Complaints and the Brockton Police Department Arrest and Booking Reports), and the certified copy of the Dorchester Juvenile Court Records for Docket No. 9407 JV 0534 (which, among other things, include the Boston Police Department Incident Report and Application for Complaint and Juvenile Criminal Complaint and the Brockton Police Department Arrest and Booking Reports), which evidence, among other things, the defendant's various prior felony drug and violent crime convictions and delinquency adjudications. **(See Bates No. 038 - 061).**

3.  **Documents and Tangible Objects under Rule 16(a)(1)(E)**

Enclosed herein are copies of the following documents, which represent books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's

defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case:

    a)     Copy of the Taunton Police Department *Investigative Report #4026237* and *Basic Person Information Report* for the defendant and Edson Miranda **(See Bates No. 001 - 004)**;

    b)     Copy of the Bristol County Sheriff's Office *Book Memo* **(See Bates No. 005)**;

    c)     Copy of the Taunton Police Department *Booking Report* **(See Bates No. 006 - 009)**;

    d)     ATF *Reports of Investigation* relative to, among other things, witness interviews, an interstate nexus examination of the six (6) rounds of .380 caliber ammunition named in the indictment, a check of whether the defendant received a Governor's pardon, and a check of whether the defendant had his federal firearms privileges restored **(See Bates No. 012 - 022)**; and

    e)     Certified copies of the Brockton District Court Records for Docket No. 9515 CR 010791 and Docket No. 9915 CR 000777 (which, among other things, include the Criminal Complaints and the Brockton Police Department Arrest and Booking Reports), and the certified copy of the Dorchester Juvenile Court Records for Docket No. 9407 JV 0534 (which, among other things, include the Boston Police Department Incident Report and Application for Complaint and Juvenile Criminal Complaint and the Brockton Police Department Arrest and Booking Reports), which evidence, among other things, the defendant's various prior felony drug and violent crime convictions and delinquency adjudications. **(See Bates No. 038 - 061)**.

    **4.**     **Reports of Examinations and Tests under Rule 16 (a)(1)(F)**

There are no reports of examinations and tests presently in the custody of the undersigned assistant U.S. attorney. When, and if, such reports of examinations and tests are generated, they will be promptly provided to the defendant.

**B.**     **Search Materials under Local Rule 116.1(C)(1)(b)**

No searches were conducted and no search warrants were

obtained in connection with investigation of the charges contained in the indictment in this case.

C. **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

F. **Identifications under Local Rule 116.1(C)(1)(f)**

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G. **Disclosure of Exculpatory Evidence under Local Rule 116.2**

 1. **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

  a. - b. **Evidence Tending to Negate Defendant's Guilt or Cast Doubt on Admissibility of Evidence**

The government is not aware of any exculpatory information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

  c. **Promises, Rewards, and Inducements**

No promises, rewards, or inducements have been offered to any

4

prospective witness whom the government anticipates calling in its case-in-chief.

### d. - e.  Criminal Records of Witnesses and Pending Criminal Cases

The government may call William Higginbotham and Dan Walsh in its case in chief. Enclosed herewith is a redacted copy of William Higginbotham's Massachusetts criminal history record, which does not indicate any pending cases. **(See Bates No. 018)**. The government has not yet determined which other witnesses it intends to call in its case in chief. When the government makes such a determination, it will promptly provide any criminal records and/or information relating to any pending cases for its prospective witnesses.

Additionally, there were several agents, police officers and Bristol County Sheriff personnel, who were involved in this investigation, however, the government has not yet determined which of these individuals it will call as witnesses in its case in chief. When and if the government makes such a determination, it will promptly provide any criminal records and/or information relating to any pending cases for its prospective witnesses.

### f.  Failure of Percipient Witness to Make Identification

As noted above, the defendant has not been the subject of any investigative identification procedures.

### H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

### I.  RECIPROCAL DISCOVERY

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

### J.  NOTICE OF ALIBI

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place

at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

Finally, thank you for your courtesy in extending me additional time within which to complete automatic discovery. Please feel free to call me if you have any questions or concerns regarding the above information.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>ANTOINETTE E.M. LEONEY
>Assistant U.S. Attorney

Enclosures
cc:  Ms. Thomas Quinn, Deputy Courtroom Clerk
     to the Honorable Judith G. Dein
     (w/o enclosures)

6