```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )    CRIMINAL NO. 05-10059-DPW
        v.                  )
                            )
                            )
CHAD BENJAMIN,              )
                            )
        Defendant.          )
```

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney, and Assistant U.S. Attorney Antoinette E.M. Leoney, submits this supplemental memorandum of law in opposition to Defendant's Motion to Suppress Evidence in the above-captioned case.

In opposing the defendant's motion to suppress, the government relies on its peviously filed memorandum of law in opposition (*See* Docket #31), and suggests that the testimony of the police officers, Daniel Walsh (Egan Package Store Owner) and William Higginbotham (Egan Package Store Employee), and the evidence offered at the suppression hearing, clearly support the government's contention that the officers' conduct, in approaching Benjamin in Egan Package Store and asking him for his name and identification, did not constitute a seizure and thus the Fourth Amendment was not initially implicated here.  And that, even if, as Benjamin puts forth, he was seized from the

inception of the encounter, his seizure was a valid <u>Terry</u> stop supported by reasonable, articulable suspicion.  Detective Michael Grundy's pat-down of Benjamin's sweatshirt pocket was within the scope of the valid stop because, based on Benjamin's sudden hand movements in the area of his sweatshirt pocket, Det. Grundy reasonably believed that Benjamin had a weapon.  Moreover, this case is by far distinguisable from <u>United States v. Omar Sharif McKoy</u>, 428 F.3d 38 (1st Cir. 2005).  For one thing, McKoy involved a motor vehicle stop for a motor vehicle violation, involving a driver leaning and moving towards his console.  Here, there was no motor vehicle stop, and Benjamin had acted nervous and made sudden movements in the area of his sweatshirt pocket after he had told the officers that he didn't have his identification on him [that it was in the car].  This was more than a reasonable suspicion to believe that Benjamin had a weapon on him.

This memorandum is being offered only to summarize the testimony provided by Daniel Walsh, William Higginbotham and Carol Busczek.

**William Higginbotham** testified that the officers did not rush into the store; that they came into the store behind Benjamin and his friend (Miranda) as regular customers; that the officers quietly asked both men for identification; Benjamin stold officer that his identification was in the car.  (Tr.,

dated 12/8/05, at 7-8, 22).  Higginbotham testified that Benjamin was a "good ways from counter, a good ways," when he saw Officer Grundy pat Benjamin down and yell "gun."  (Tr., dated 12/8/05, at 9-10).  And, contrary to Carol Busczek's testimony (Tr., dated 12/8/05, at 95), at no time was Benjamin ever thrown over the store counter by the officers.  (Tr., dated 12/8/05, at 20).  Higginbotham also testified that he never heard the officers raise their voices during the encounter before Officer Grundy yelled "gun."  (Tr., dated 12/8/05, at 22-23).  Neither he, nor Busczek could see Benjamin making movements with his hand during questioning by Officer Grundy because Benjamin had his back to them.  (Tr., dated 12/8/05, at 9-10).  At no time, did Higginbotham, or Carl Busczek, leave the counter area to go to the front of the counter where the officers encountered Benjamin.  (Tr., dated 12/8/05, at 24-25).  Higginbotham testified that Carol Busczek was fired by Dan Walsh because he caught her stealing from.  (Tr., dated 12/8/05, at 18).

**Daniel Walsh** testified that Carol Busczek left his employment because he fired her for stealing scratch tickets; he caught her stealing, so he had to let her go.  (Tr., dated 12/8/05, at 31-32).  Walsh also testified that when he confronted her about the thefts, Busczek admitted it.  (Tr., dated 12/8/05, at 32).  Busczek, however, denied that she was fired by Walsh, although she admitted that they had had a

3

"falling out." (Tr., dated 12/8/05, at 95). Walsh also testified that he had viewed the store surveillance video a couple of times about 20 minutes after the officers left the store, and that he recalled that the officers did <u>not</u> have their guns drawn when they entered the store. (Tr., dated 12/8/05, at 38-39). He also testified that he saw on the video the other guy (Miranda) at the counter and saw Benjamin "sort of in the middle of the store and the officers around him." (Tr., dated 12/8/05, at 39). He couldn't see what was going on between Benjamin and the officers because Miranda was standing right in the line of sight of Benjamin. (Tr., dated 12/8/05, at 39). And, contrary to Carol Busczek's testimony (Tr., dated 12/8/05, at 95), he didn't see anything in the video showing Benjamin leaning up against the counter, nor did he see Benjamin being thrown across the counter by the officers. (Tr., dated 12/8/05, at 39).

    For all of the evidence and reasons advanced by the government thus far, the government respectfully requests that the Court dey Defendant's Motion to Suppress.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:
                               /s/Antoinette E.M. Leoney
                              ANTOINETTE E.M. LEONEY
Date: July 26, 2006           Assistant U.S. Attorney
```

<u>CERTIFICATE OF SERVICE</u>

Suffolk, ss.                                Boston, Massachusetts
                                            July 26, 2006

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, certify that I caused a copy of the foregoing to be served by electronic court filing notice to Kevin J. Reddington, Esq., Law Offices of Kevin J. Reddington, Williamsburg Square, Suite 203, 1342 Belmont Street, Brockton, MA 02301.

                                           /s/Antoinette E.M. Leoney
                                          ANTOINETTE E.M. LEONEY
                                          Assistant U.S. Attorney